Court of Common Pleas of Paulding County.

## H. C. LICHTY V. BOARD OF EDUCATION OF CRANE TOWNSHIP RURAL SCHOOL DISTRICT.

Decided March 8, 1928.

*S. S. Beard,* for plaintiff.

*Mervin Day,* prosecuting attorney for defendant.

NEWCOMER, J.

The petition avers that the plaintiff is a resident of Crane Township rural school district of Paulding county, having two children who have finished the elementary schools and are eligible for high school; that no high school was maintained in Crane Township rural school district; that the defendant from and after January 1, 1927, did not furnish transportation for said children to high school at Paulding, Ohio, being a high school more than four miles distant, and being the nearest high school; that on January 15, 1927, the county board of education of Paul-

ding county, enacted the following resolution:

"Be it resolved by the Paulding County board of education that in the matter of payment of high school transportation of pupils of Crane Township for the balance of this school year 1926-27, it is deemed 'advisable and practicable' that such transportation be provided and that the Crane Township board of education be hereby requested to pay the transportation for the balance of the school year 1926-27."

That this resolution was adopted pursuant to the provision of Section 7749-1 General Code, which is as follows:

"The board of education of any district except as provided in Section 7749 may provide transportation to a high school within or without the school district; but in no case shall such board of education be required to provide high school transportation except as follows: If the transportation of a child to a high school by a district of a county school district is deemed and declared by the county board of education advisable and practicable, the board of education of the district in which the child resides shall furnish such transportation."

The petition further avers that a copy of the resolution was furnished to the defendant; that notwithstanding the resolution the defendant refused to furnish transportation for the children from and after January, 1927, for the balance of the school year; that the plaintiff transported his children to the high school at Paulding, which was the nearest high school to the residence of the plaintiff, and that he expended $44.50 for transportation, which amount the defendant refused to pay and for which amount the plaintiff prays judgment.

The defendant filed a general demurrer. The defendant contends that Section 7749-1 G. C. in so far as it attempts to give the county board of education power to compel the board of education of Crane Township rural school district to pay the transportation of pupils to high schools is unconstitutional.

Prior to the enactment of Section 7749-1 in 1925, the defendant was required either under Section 7764-1 to provide transportation to high schools, or under Section 7748 to pay board while attending high school. In 1925 Section 7764-1 was repealed and Section 7749-1 was amended

so as to read as above quoted. The repeal and the amendment show that the Legislature abandoned the policy of compulsory transportation to high schools, and put the matter of transportation up to the discretion of the local board. The defendant not having provided for transportation the county board passed the resolution above quoted. The plaintiff contends that that resolution compels the defendant to pay the transportation of plaintiff's children to high school. The first half of Section 7749-1 clearly places with the local board the discretion of determining transportation. The Legislature did not make transportation compulsory. The latter part of that section attempts to give the county board of education the power to enact legislation making transportation by the defendant compulsory.

There is no provision for an appeal to the county board from the decision of the local board refusing to furnish transportation. If there were a provision for appeal to determine the controversy existing between the parent and the local board and if such question could be taken to the county board for determination then the determination of that question is a judicial act. The Legislature does not have the power to confer any judicial authority upon the county board of education to determine controversies existing between individuals and a local board of education.

This section attempts to grant to the county board of education the power to enact legislation, the power to compel the defendant to pay for high school transportation. This section attempts to grant to the county board of education the power to make a law mandatory in so far as it affects the defendant; the Legislature has enacted a law which is discretionary so far as this defendant is affected. The legislative power is vested in the Legislature, save and except as it is reserved to the people in the initiative and referendum. Ohio Constitution, Art. II, Section I. The Legislature cannot delegate to a county board of education the legislative power to make a discretionary law mandatory. This is not within the exception of Art. II, Sec. 26.

This section does not place in a county board of education authority to make a contract with the plaintiff for the transportation of his children to high school. It does

not place in the county board of education the power to raise money to pay for the transportation of plaintiff's children to high school. The county board does not act as an administrative body of the executive department of government in making a contract with the plaintiff to haul his children to high school. Having no funds with which to pay the contract, and there being no statutes authorizing it to obtain funds with which to pay the contract, it is without power to make a contract to pay the plaintiff for the transportation of his children to high school, and it is without power to make a contract that will bind the defendant. When the county board of education acting pursuant to the provisions of this section states to the defendant that it shall pay for the transportation of plaintiff's children to high school, it then enacts a compulsory transportation law. This is a legislative power. The Legislature must enact such legislation, not the county school board.

If this section is constitutional, the resolution as adopted is not such a compliance with Section 7749-1 G. C. as to compel the board of education of Crane Township Rural School District to furnish transportation for the reason that the resolution does not *declare* that the board of education of Crane Township Rural School District *shall* furnish transportation. The statute attempts to give to the county board of education power to do a certain thing under certain conditions. The language used is: "If the transportation of a child—is *deemed* and *declared* by the county board of education advisable and practicable." The resolution adopted by the county board merely states that it is deemed advisable and practicable. We must assume that the Legislature in using the two words deemed and declared intended that these words had a different meaning. If they have the same meaning it was useless to put both in the statute.

The word deemed as used in this section in this instance is used in a sense similar to the word find in the ordinary order of the court, and the word declared in this statute is used similar to the use of the word adjudged or decreed in the ordinary journal entries of the court. That is, the county board of education must first make a finding, that is, they must deem that it is advisable

and practicable, and after they make that finding then they must take the next step and order their finding into execution, that is, they must declare that it is advisable and practicable. The county board of education merely found that it was advisable and did not order their finding to be carried into execution. The word deem is defined in Funk & Wagnalls New Standard Dictionary, 1923 edition, as follows: "Deem: To hold in belief, estimation or opinion; decide as a conclusion; consider; regard; belief; as I deem it prudent to stay at home." The word declare is defined as follows: "Declare: To announce to be or exist officially or formally, proclaim, as the senate declared him dictator; to declare war." Webster's New International Dictionary, 1924 edition defines the word deem as follows: "Deem: To conclude or believe on consideration; to form a judgment upon; to hold in opinion; to regard; esteem, think, as 'For never can I deem him less than God, Dryden"; and defines the word declare as follows: "Declare: To make known by language; to communicate or manifest to others explicitly and plainly whether by acts, words, writings or signs; to publish; proclaim; announce." Giving the words deem and declare their ordinary meaning, it is apparent that the Legislature used these words attempting to authorize the county board of education first to find that it was advisable to transport pupils and then further to declare that it is practicable to transport pupils. In this case the county board did not so declare.

The resolution as adopted does not order anything to be done by the county board. The resolution provides that the defendant "be hereby requested to pay the transportation." The statute reads, the defendant "shall furnish such transportation." The command of anyone having power to issue the command to pay out public funds should be in positive and direct language. The resolution as adopted by the county board merely requests the defendant to perform the act, and does not order that the defendant shall perform the act. The recovery of money by the plaintiff cannot be based upon a request.

For the foregoing reasons the demurrer of the defendant to the plaintiff's petition is sustained. The plaintiff not caring to plead further, final judgment is entered herein against the plaintiff.